IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL E. WILLIAMS,

                                  Plaintiff,

      v.

ROBERT HUMPHREY, JASON ALDANA,
CUS HOWARD, NANCY PADGETT,
CAPT. GEGEAR, AND ROBERT CHRISTMAN,

                                  Defendants.

OPINION AND ORDER

09-cv-202-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary, declaratory and injunctive relief brought under 42 U.S.C. § 1983, plaintiff Michael E. Williams, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, alleges that defendants Robert Humphrey, Jason Aldana, Cus Howard, Nancy Padgett, Captain GeGear and Robert Christman violated his rights under the Eighth and Fourteenth Amendments by failing to investigate his sexual assault by a guard and then covering it up. Presently before this court is defendants' motion to transfer venue to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a). Also before the court is plaintiff's motion for appointment of counsel. Dkt. #21.

1

The events that gave rise to this claim occurred at the Racine Correctional Institution in Sturtevant, Wisconsin, located in the Eastern District of Wisconsin. The crux of plaintiff's claim is that defendants were aware that he was sexually assaulted by a female officer and deliberately tried to cover it up by bringing false disciplinary charges against him. Plaintiff was subsequently transferred to the Columbia Correctional Institution in Portage, Wisconsin, which is in this district. After speaking with two administrative captains who came to speak with plaintiff at the Columbia Correctional Institution, plaintiff filed this lawsuit in this district.

I will grant defendants' motion because I am persuaded that litigating this case in the Eastern District of Wisconsin clearly would be more convenient for the parties and witnesses. Although a plaintiff's choice of forum generally is afforded a large degree of deference, this factor has minimal value when none of the conduct complained of occurred in the forum selected by the plaintiff. All of the events that gave rise to the present case are alleged to have occurred in the Eastern District and all of the defendants and the majority of witnesses named in the complaint are located in the Eastern District. Because I am granting defendant's motion to transfer venue, I will leave the decision on plaintiff's motion for appointment of counsel to the court in the Eastern District of Wisconsin.

2

OPINION

Section 1404(a) states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Therefore, when deciding whether to permit a change of venue, courts must consider three factors: (1) convenience to the parties, (2) convenience to the witnesses and (3) the interests of justice. The defendant bears the "burden of making a 'clear showing' that the 'balance of conveniences' weigh[s] in its favor." Butterick Co. v. Will, 316 F.2d 111, 112 (7th Cir. 1963) (citing Koster v. Lumbermens Mutual Co., 330 U.S. 518 (1947)); see also Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). "In considering the three factors prescribed by the statute, the District Court should bear in mind that in filing an action the plaintiff is permitted to choose any proper forum and that the plaintiff's choice of forum should not be lightly set aside." Chicago, Rock Island and Pacific Railroad Co. v. Igoe, 220 F.2d 299, 302 (7th Cir. 1955). The district court has broad discretion in ruling on the motion. Id.; B. Heller & Co. v. Perry, 201 F.2d 525, 527 (7th Cir. 1953).

With respect to the convenience-to-the-parties factor, both sides have valid arguments. Plaintiff's preference would be to litigate the case in this district because he is incarcerated at the Columbia Correctional Institution in the Western District of Wisconsin. In contrast, defendants would prefer to litigate the case in Eastern District of Wisconsin

because they are employed at the Racine Correctional Institution and reside in the extreme southeastern part of Wisconsin. Given that there are several defendants in this case and petitioner can be transported fairly easily, this factor weighs slightly in favor of transfer.

The convenience-to-the-witnesses factor favors transfer. Although neither party names third-party witnesses, it is clear from the complaint that most witnesses either work or reside in the Eastern District of Wisconsin. For example, the female correctional officer who allegedly sexually assaulted plaintiff and all of the defendants who were allegedly involved in the coverup work at the Racine Correctional Institution. Plaintiff alleges that he has witnesses who are employed at the Columbia Correctional Institution and reside in the Western District. However, he fails to identify these witnesses and it is unclear who they would be, when all the underlying events and grievances occurred at the Racine Correctional Institution.

When evaluating the interests of justice, some of the factors that should be considered are (1) the relative ease of access to sources of proofs; (2) availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the possibility of a view of the premises; and (5) the state of the court calendar in both districts. Igoe, 220 F.2d at 303. Most of these factors weigh in favor of transfer. Most, if not all, of the sources of proof will be located at the Racine Correctional Institution in the Eastern District of Wisconsin. For example, the institutional records related to

4

plaintiff's grievances are at the Racine Correctional Institution. Because plaintiff is a prisoner, any records in his possession would have to be produced by mail or in conjunction with his court appearances, regardless where the case is heard. Similarly, most of the willing or unwilling witnesses to the alleged wrongdoing appear to reside in the Eastern District of Wisconsin. Further, if the trial were to proceed in this district, it might be impossible to subpoenas some witnesses if they reside outside the 100-mile limitation for issuing subpoenas. In re National Presto Industries, Inc., 347 F.3d 662, 664 (7th Cir. 2003). The city of Sturtevant is located approximately 103 miles from Madison.

It is certainly true that "[a] large measure of deference is due to the plaintiff's freedom to select his own forum." Igoe, 220 F.2d at 304 (quoting Josephson v. McGuire, 121 F. Supp. 83, 84 (D. Mass. 1954)). However, "this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff." Id. (quoting Josephson, 121 F. Supp. at 84). None of the events that gave rise to this lawsuit occurred in the Western District of Wisconsin. Perry, 201 F.2d at 527 ("No controverted questions depend upon any event occurring in the Northern District of Illinois; both parties must rely upon evidence of events wholly removed from that district.") If this case were to proceed in this district, both parties would have to "rely upon evidence of events entirely removed from [this] District." Igoe, 220 F.2d at 304.

5

I conclude that the "balance of conveniences" and interest of justice weigh in favor of transfer. The purpose of §1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964) (quoting <u>Continental Grain Co. v. Barge FBL-585</u>, 364 U.S. 19, 26-27 (1960)). Accordingly, I will transfer this case to the Eastern District of Wisconsin.

ORDER

IT IS ORDERED that the motion to transfer venue filed by defendants Robert Humphrey, Jason Aldana, Cus Howard, Nancy Padgett, Captain GeGear and Robert Christman pursuant to 28 U.S.C. § 1404(a), dkt. #12, is GRANTED. The clerk of court is directed to transmit the case file to the United States District Court for the Eastern District of Wisconsin. No ruling will be made at this time on plaintiff's motion for appointment of counsel, dkt. #21. Plaintiff may renew the motion after his case is transferred.

Entered this 5th day of August, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6

7